# EXHIBIT "C"

IN THE SUPERIOR COURT OF CARROLL COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **ROBERT MCKENZIE,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 15-cv-00885 |
| **CAMDUR BUILDING GROUP, INC.,** | |
| **Defendant.** | |

### AMENDED COMPLAINT

Plaintiff Robert McKenzie, through the undersigned counsel, hereby files his

Amended Complaint in this de novo appeal from a judgment of the Magistrate

Court of Carroll County, Georgia (Case no. 2015-cv-282), pursuant to O.C.G.A.

§ 5-3-29, and asserts his claims against Defendant Camdur Building Group, Inc.,

showing the Court as follows:

### INTRODUCTION

1.

Plaintiff McKenzie brings this Action under the Fair Labor Standards Act, 29

U.S.C. 201 *et seq.*, to recover unpaid minimum and overtime wages from his

former employer, Defendant Camdur. He additionally brings state law claims for

failure to pay Georgia minimum wage pursuant to O.C.G.A. § 34-4-6, breach of

contract, and quantum meruit. McKenzie also requests his costs of litigation and

reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11 because of Defendant's bad faith in the underlying transaction.

## THE PARTIES, JURISDICTION, AND VENUE

2.

This Court has subject matter jurisdiction over this dispute as this is a civil action arising under federal law for which Georgia courts have concurrent jurisdiction.

3.

Camdur is a domestic corporation existing under the laws of the State of Georgia.

4.

Camdur was served with process in the underlying Magistrate Court action, and has been served with a Notice of Appeal in this Action through its attorney.

5.

This Court has personal jurisdiction over Camdur.

6.

Camdur's principal office is located at 628 Old Town Road, Villa Rica, Georgia 30180.

7.

Venue as to Camdur is proper in this Court.

8.

Plaintiff McKenzie is a natural person and a Georgia resident.

## General Factual Allegations

9.

Camdur provides services related to residential and commercial construction, remodeling, and renovation.

10.

McKenzie worked for Camdur as an electrician and general laborer from approximately July 2013 through approximately January 2015.

11.

At all times material hereto, Camdur agreed to pay McKenzie $20 per hour for his work.

12.

At all times material hereto, Camdur agreed to pay McKenzie $20 per hour for his work, regardless of the number of hours he worked per week.

13.

Camdur failed to pay McKenzie any amount for approximately two months of work from late-November 2014 through early January 2015.

14.

At all times material hereto, Camdur classified McKenzie as an independent contractor.

15.

At all times material hereto, Camdur misclassified McKenzie as an independent contractor.

16.

At all times material hereto, Camdur willfully misclassified McKenzie as an independent contractor.

17.

At all times material hereto, McKenzie supplied his own basic electrician's tools.

18.

At all times material hereto, McKenzie held no professional license related to electrical work.

19.

At all times material hereto, McKenzie had formed no business entity and engaged in no advertising for himself.

20.

At all times material hereto, McKenzie worked exclusively for Camdur.

21.

At all times material hereto, McKenzie's electrical and general labor work was an integral part of Camdur's business.

22.

At all times material hereto, McKenzie did not share Camdur's opportunity for profit and loss on the work he performed.

23.

At all times material hereto, McKenzie did not exercise independent business judgment in his work for Camdur.

24.

At all times material hereto, Camdur controlled the scheduling and permissible hours of McKenzie's work.

25.

At all times material hereto, Camdur controlled McKenzie's interactions with others Camdur misclassified as "independent contractors," including the language he was allowed to use and the volume at which he was allowed to speak.

26.

At all times material hereto, Camdur imposed various other rules on McKenzie and other misclassified "independent contractors" including prohibiting them from entering certain off-site areas.

## Enterprise Coverage Under The FLSA

27.

During 2013, Camdur was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

28.

During 2013, Camdur had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2013, Camdur had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2013, Camdur had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

31.

During 2013, Camdur had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

During 2014, Camdur was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

33.

During 2014, Camdur had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

34.

During 2014, Camdur had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

35.

During 2014, Camdur had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

36.

During 2014, Camdur had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

During 2015, Camdur was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

38.

During 2015, Camdur had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

39.

During 2015, Camdur had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

40.

During 2015, Camdur had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

41.

During 2015, Camdur had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.

At all times material hereto, Camdur has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## COUNT I
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO 29 U.S.C. § 206

43.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

44.

At all times material hereto, McKenzie was an "employee" of Camdur as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

45.

At all times material hereto, McKenzie was entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

46.

At all times material hereto, McKenzie was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

47.

For the bi-weekly pay periods corresponding to paycheck dates November 28, 2014, December 12, 2014, December 26, 2014, and January 9, 2014, Camdur

failed to compensate McKenzie at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

48.

For the bi-weekly pay periods corresponding to paycheck dates November 28, 2014, December 12, 2014, December 26, 2014, and January 9, 2014, Camdur willfully failed to compensate McKenzie at an hourly rate above or equal to the minimum wage as established in the FLSA.

49.

McKenzie is entitled to payment of minimum wages in an amount to be determined at trial, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

50.

As Camdur's failure to pay McKenzie minimum wages as required by the FLSA was willful, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of minimum wages as alleged above, Camdur is liable to Plaintiff for his litigation costs, including his reasonable attorney's fees, pursuant to § 16(b); 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME PURSUANT TO 29 U.S.C. § 207

52.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

53.

From approximately July 2013 through approximately January 2015, McKenzie was an "employee" of Camdur as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

54.

At all times material hereto, McKenzie was entitled to the overtime wage protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

55.

At all times material hereto, McKenzie was not exempt from the overtime wage requirements of the FLSA by reason of any exemption.

56.

At all times material hereto, McKenzie regularly worked in excess of 40 hours per workweek.

57.

Weeks in which McKenzie worked more than 40 hours per week but was not paid at one-and-a-half times his regular rate include, but are not limited to, each and every week from early September 2014 through mid-November 2014.

58.

At all times material hereto, Camdur failed to pay McKenzie at one-and-one-half times his regular rate of pay for work in excess of forty (40) hours in any workweek.

59.

At all times material hereto, Camdur willfully failed to pay McKenzie at one-and-one-half times his regular rate of pay for work in excess of forty (40) hours in any workweek.

60.

McKenzie is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As Camdur's failure to pay McKenzie overtime wages as required by the FLSA was willful, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of the Camdur's failure to pay overtime compensation as alleged above,

McKenzie is entitled to his litigation costs, including his reasonable attorney's

fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III
## FAILURE TO PAY GEORGIA MINIMUM WAGE (O.C.G.A. § 34-4-6)

63.

The allegations in all previous paragraphs are incorporated by reference as if fully

set out in this paragraph.

64.

At all times material hereto, McKenzie was a "covered employee" of Camdur as

defined in O.C.G.A. § 34-4-3.

65.

At all times material hereto, McKenzie was entitled to the minimum wage

protections set forth in O.C.G.A. § 34-4-3.

66.

At all times material hereto, McKenzie was not exempt from the minimum wage

requirements of O.C.G.A. § 34-4-3 by reason of any exemption.

67.

For the bi-weekly pay periods corresponding to paycheck dates November 28,

2014, December 12, 2014, December 26, 2014, and January 9, 2014, Camdur

failed to compensate McKenzie at an hourly rate above or equal to the minimum wage as established in accordance with O.C.G.A. § 34-4-3.

68.

McKenzie is entitled to payment of Georgia minimum wages in an amount to be determined at trial, pursuant to O.C.G.A. § 34-4-6.

69.

McKenzie is entitled to liquidated damages in additional amount equal to his original claim for unpaid minimum wages, pursuant to O.C.G.A. § 34-4-6.

70.

McKenzie is entitled to receive his litigation costs, including his reasonable attorney's fees, pursuant to O.C.G.A. § 34-4-6.

## COUNT IV
## BREACH OF CONTRACT

71.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

72.

The Parties' agreement the McKenzie would work for Camdur in exchange for payment per hour constituted a legally binding contract.

73.

McKenzie did in fact perform work for Camdur from late-November 2014 through early-January 2015.

74.

Camdur's failure to pay McKenzie in accordance with the agreement constitutes a material breach of the agreement.

75.

As the direct and foreseeable result of this breach, McKenzie has sustained damages of approximately $7,231, plus interest thereon.

76.

Camdur intentionally and willfully breached its agreement with McKenzie and has refused to honor its obligations to Forester.

77.

Camdur has also been stubbornly litigious and has caused McKenzie unnecessary trouble and expense in connection with this matter.

78.

Because of Camdur's bad faith, McKenzie is entitled to receive his reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT V
## QUANTUM MERUIT

### 79.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 80.

McKenzie's performance of electrical work for Camdur from late-November 2014 through early-January 2015 was valuable to Camdur.

### 81.

McKenzie's performance of electrical work for Camdur from late-November 2014 through early-January 2015 was at the request of Camdur and knowingly accepted by Camdur.

### 82.

McKenzie performed electrical work for Camdur from late-November 2014 through early-January 2015 with the expectation of compensation by Camdur.

### 83.

It would be unjust not to require Camdur to compensate McKenzie for his electrical work from late-November 2014 through early-January 2015.

84.

McKenzie is entitled to receive an amount equal to the value he conferred to Camdur through his electrical work from late-November 2014 through early-January 2015, to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

(a)  Take jurisdiction of this matter;

(b)  Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(c)  Issue a judgment declaring that Plaintiff is an employee covered by the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(d)  Award Plaintiff all due but unpaid minimum wages and liquidated damages equaling 100% of the minimum wages due Plaintiff, as required by the FLSA;

(e)  Award Plaintiff payment for each overtime hour worked during the relevant time period, calculated at one-and-one-half times his regular rate, and liquidated damages equaling 100% of the overtime wages due Plaintiff, as required by the FLSA;

(f)  Award Plaintiff prejudgment interest on all amounts owed;

-17-

(g)   Award Plaintiff nominal damages;

(h)   Award Plaintiff his reasonable attorney's fees and costs of litigation on his FLSA claim pursuant to 29 U.S.C. § 216(b);

(i)   Issue an Order holding Defendant to be an "employer" as that term is defined in O.C.G.A. § 34-4-3;

(j)   Issue a judgment declaring that Plaintiff is an employee covered by the Georgia minimum wage statute and that Defendant has failed to comply with the requirements of O.C.G.A. § 34-4-3;

(k)   Award Plaintiff all due but unpaid minimum wages and liquidated damages equaling 100% of the minimum wages due Plaintiff, as required by O.C.G.A. § 34-4-6;

(l)   Award Plaintiff his reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 34-4-6;

(m)   Award Plaintiff judgment against Defendant for his contract claim herein asserted in an amount to be proved at trial;

(n)   Award Plaintiff judgment against Defendant for his quantum meruit claim herein asserted in an amount to be proved at trial;

(o)   Award Plaintiff his reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11;

(p)     Enter judgment for Plaintiff in an amount reflecting the award of all

damages and relief requested in this Complaint;

(q)     Grant a trial by jury as to all matters properly triable to a jury; and

(r)     Award any and such other further relief this Court deems just,

equitable and proper.

This ___ day of September 2015.

Respectfully submitted,

DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Charles R. Bridgers
Ga. Bar No. 080791
Matthew W. Herrington
Ga. Bar No. 275411

**Counsel for Plaintiff**